UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JUAN RIVAS,

                          Plaintiff,

   -   against -

CORRECTIONAL OFFICERS ROBERT
KESSLER, NICHOLAS ANZALONE, JAMES
KINGSLEY, CHRISTOPHER FENTON, SEAN
REDMOND, RYAN GIORDANO, J. BLISTON,
and JOHN DOES 1-5, in their individual capacities,

                          Defendants.

Case No. 9:25-cv-253   AJB/PJE

COMPLAINT

JURY TRIAL DEMANDED

## **NATURE OF THE ACTION**

1.      This is a civil rights action brought under 42 U.S.C. § 1983 to redress the deprivation of constitutional rights secured to Plaintiff, Juan Rivas, under the Eighth Amendment to the United States Constitution. Plaintiff seeks damages and declaratory relief for the use of excessive force by correctional officers at Marcy Correctional Facility.

## **JURISDICTION AND VENUE**

2.      Jurisdiction is proper as these claims arise under Federal question jurisdiction. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises under the Constitution and laws of the United States.

3.      Venue is proper under 28 U.S.C. § 1391 because the events giving rise to the claims occurred at Marcy Correctional Facility, located within this judicial district.

## **PARTIES**

4.      Plaintiff, Juan Rivas, is an incarcerated individual who, at all times relevant to this action, was housed at Marcy Correctional Facility.

5.      Defendant Robert Kessler is a Correctional Officer employed at Marcy Correctional Facility.  He is sued in his individual capacity.

6.      Defendant Nicholas Anzalone is a Correctional Officer employed at Marcy Correctional Facility.  He is sued in his individual capacity.

7.      Defendant James Kingsley is a Correctional Officer employed at Marcy Correctional Facility.  He is sued in his individual capacity.

8.      Defendant Christopher Fenton is a Correctional Officer employed at Marcy Correctional Facility.   He is sued in his individual capacity.

9.      Defendant Sean Redmond is a Correctional Officer employed at Marcy Correctional Facility. He is sued in his individual capacity.

10.     Defendant Ryan Giordano is a Correctional Officer employed at Marcy Correctional Facility.  He is sued in his individual capacity.

11.     Defendant J. Bliston is a Correctional Officer employed at Marcy Correctional Facility. He is sued in his individual capacity.

12.     Defendants John Does 1-5 are correctional officers whose identities are presently unknown but who participated in the unlawful conduct described herein. They are sued in their individual capacities.

## **ALLEGATIONS**

13.     On October 8, 2024, Plaintiff Juan Rivas was in a holding cell, when he reached his right hand outside of his cell door slot to get the attention of a staff member.

14.     Defendant Bliston, seeing Plaintiff's hand through the door slot, violently kicked the cell door slot shut, crushing Plaintiff's right hand, which caused Plaintiff excruciating pain.

15.     Plaintiff's use of his right hand and wrist was severely limited after the assault and he needed medical attention, but did not receive any at that time.  Later imaging confirmed that Plaintiff had sustained a fracture to his right hand.

16.     On the following day, October 9, 2024, Plaintiff was placed in mechanical wrist restraints and was escorted for a one-on-one suicide watch in the RMHU at Marcy Correctional Facility.

17.     Upon arrival at the SHU strip frisk room, Defendants Redmond and Giordano removed the mechanical restraint from Plaintiff's right wrist.

18.     Despite the fact that Plaintiff was unable to use his right hand, due to the fracture he sustained the previous day, Defendants Redmond and Giordano falsely claimed that Plaintiff turned around and struck Defendant Redmond with a closed right fist.

19.     The Defendants further claimed that after striking Defendant Redmond, Plaintiff punched Defendant Giordano in the nose – again, implausibly, using his injured right fist.

20.     Multiple officers, including Defendants Kessler, Kingsley, Fenton, and others, then forcibly threw Plaintiff to the ground.

21.     The officers restrained him with excessively tight wrist and ankle restraints.

22.     While restrained on the ground, Defendant Kessler repeatedly struck Plaintiff in the torso with his knee, causing five rib fractures and a punctured lung.

23.     Plaintiff was left in extreme pain, requiring emergency surgery that included plate and screw fixation on ribs 6, 7, 8, and 9.

24.    Plaintiff also suffered severe bruising and abrasions to his neck, head, and shoulders, including visible ligature marks on his neck suggesting prior strangulation attempts. He experienced extensive bruising around his eyes and ears, swelling of his right elbow, and nerve damage requiring additional medical intervention.

25.    The attack resulted in permanent damage to Plaintiff's rib cage, necessitating the surgical implantation of metal plates to prevent further shifting of his ribs.

26.    Plaintiff experienced significant difficulty breathing and required extended medical care due to his punctured lung and broken ribs. His ongoing pain management required nerve freezing procedures due to the severity of his injuries.

27.    This excessive use of force was unwarranted, malicious, and in direct violation of Plaintiff's Eighth Amendment rights.

28.    Defendants' covered up their use of unlawful force by making false reports that alleged Plaintiff had assaulted Defendants Redmond and Giordano, which caused Plaintiff to be issued a Tier 3 disciplinary ticket.

29.    During the subsequent Tier 3 hearing, critical witnesses, including Defendant Kessler and Nurse Patricia Matos, who had knowledge of Plaintiff's injuries and the excessive force used, were deliberately excluded.

30.    Defendant Kessler has a history of involvement in excessive force incidents, including his documented participation in the death of incarcerated individual Robert Brooks at Marcy Correctional Facility.

31.    The incident involving Robert Brooks, which was caught on video, mirrors the violent actions taken against Plaintiff, indicating a pattern of systemic abuse by correctional staff.

## FIRST CAUSE OF ACTION

Eighth Amendment
*Cruel and Unusual Punishment*

32.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

33.     Defendants, acting under color of state law, maliciously and sadistically used excessive force against Plaintiff without any legitimate penological justification.

34.     Defendants acted with deliberate indifference to Plaintiff's serious medical needs by inflicting severe injuries that required immediate hospitalization and surgical intervention.

35.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe physical injuries, excruciating pain, and ongoing emotional distress.

## SECOND CAUSE OF ACTION

Eighth Amendment
*Cruel and Unusual Punishment – Failure to Intervene*

13.     Plaintiff repeats and realleges the foregoing paragraphs and incorporate them by reference as if fully set forth herein.

14.     Defendants deprived Plaintiff of his right under the Eighth Amendments to the United States Constitution to be free from cruel and unusual punishment by failing to intervene in beating and detaining them.

15.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged herein.

WHEREFORE, Plaintiff demands judgment against the above-captioned

Defendants as follows:

a. For compensatory damages, jointly and severally, in an amount to be determined at trial, but not less than one million dollars;

b. For punitive damages, jointly and severally, in an amount to be determined at trial;

c. For reasonable attorneys' fees, costs, and disbursements, under 42 U.S.C. § 1988 and other applicable laws;

d. For pre- and post-judgment interest as allowed by law; and

e. For such other relief as this Court deems just and proper.

Dated:  New York, New York
        February 26, 2025

WERTHEIMER LLC

By: _____
Mara Fleder
14 Wall Street, Suite 1603
New York, New York 10005
(646) 344-4212
mara@joelwertheimer.com

NAJMI LAW
Ali Najmi, Esq.
32 Broadway, Ste 1310
New York, New York 10004
(212) 401-6222